## STATE OF CONNECTICUT *v.* RICHARD R. MUSUMANO
### (AC 22870)

Schaller, Flynn and McDonald, Js.

Argued February 14—officially released May 20, 2003

*James B. Streeto*, assistant public defender, for the appellant (defendant).

*Rita M. Shair*, senior assistant state's attorney, with whom were *James E. Thomas*, state's attorney, *Mark Brodsky*, senior assistant state's attorney, and, on the brief, *Melissa L. Streeto*, former deputy assistant state's attorney, and *Richard Morelli*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Richard R. Musumano, appeals from the judgment of conviction, rendered after a jury trial, of recklessly engaging in disorderly conduct in violation of General Statutes § 53a-182 (a) (2).[1] On appeal, the defendant claims that (1) the trial court's

---

[1] The defendant was acquitted of threatening in violation of General Statutes § 53a-62 (a) (2), harassment in the second degree in violation of General Statutes § 53a-183 (a) (3) and intentionally engaging in disorderly conduct in violation of General Statutes § 53a-182.

jury instructions improperly failed to provide the necessary judicial gloss to § 53a-182 (a) (2) as required by *State* v. *Indrisano*, 228 Conn. 795, 640 A.2d 986 (1994), (2) the prosecutor engaged in a course of misconduct throughout the trial and (3) the court improperly instructed the jury regarding reasonable doubt. We agree with the defendant's first claim and reverse his conviction.[2]

The jury reasonably could have found the following facts. On March 21, 2001, the defendant called the department of labor's telephone benefits center in Hartford to inquire into why he had not received his unemployment benefits check. The defendant was told by Mark MacNeil that his file indicated that there was a hold on the check and that he would have to go to the department's Bristol office to have the issue resolved. The defendant became upset, told MacNeil, "Go f__k yourself" and hung up the telephone.

Several minutes later, the defendant called the benefits center again. His call was answered by Steven Holcomb, who informed the defendant that his check was on hold because his file indicated that he may have refused an employment opportunity during the week and that he would have to go to the Bristol office to have the issue resolved. The defendant again became upset and hung up the telephone.

The defendant called the benefits center a short time later and spoke with Holcomb again. Holcomb reiterated that the defendant would have to go to the Bristol office to have his matter resolved. The defendant told Holcomb that he was going to sue the state for all of its money, and that he was crazy and was going to get a gun and come and shoot Holcomb. Thereupon

---

[2] Because we reverse the defendant's conviction on the basis of his first claim, we need not address his remaining claims, as they may not arise at the new trial.

Holcomb immediately ended the telephone call and notified his supervisor, Jean Miner. Miner then informed the Hartford and Bristol offices, as well as the state and local police, of the defendant's threat.

The defendant subsequently was arrested at his residence. Following a jury trial, the defendant was convicted of disorderly conduct in the second degree and sentenced to ninety days imprisonment, execution suspended, and one year of probation with special conditions. This appeal followed.

The defendant claims that the court improperly failed to provide the judicial gloss required by *State* v. *Indrisano*, supra, 228 Conn. 795, when it instructed the jury on the disorderly conduct count.[3] We agree.

---

[3] The court instructed the jury in relevant part as follows: "In count two, the defendant is charged with disorderly conduct in violation of § 53a-182 (a) of the Penal Code, which provides as follows: A person is guilty of disorderly conduct when, with intent to cause inconvenience, annoyance or alarm, or recklessly creates a risk thereof, he, by offensive or disorderly conduct, annoys or interferes with another person.

"For you to find the defendant guilty of this charge, the state must prove the following elements beyond a reasonable doubt: One, that on or about March 21, 2001, in the city of Hartford, Connecticut, the defendant, Richard Musumano, acted with the intent to cause inconvenience, annoyance or alarm. And, two, that by engaging in an offensive and disorderly conduct, the defendant annoyed or interfered with another person . . . .

"The predominant intent must be to cause what a reasonable person operating under contemporary circumstances would consider a disturbance to or impediment of a lawful activity, a deep feeling of vexation or provocation or feeling of anxiety prompted by threatened danger or harm. The definition of intent in this statute, as in this count, is the same as the intent definition that I read to you in count one. . . .

"The words 'inconvenience, annoyance or alarm' refer to what a reasonable person operating under contemporary community standards would consider to be a disturbance to or impediment of a lawful activity, a deep feeling of vexation or provocation or a feeling of anxiety prompted by threatened danger or harm.

"If you find the state has proven beyond a reasonable doubt each of the elements of the crime of this disorderly conduct, then you should find this defendant guilty. On the other hand, if you find that the state has failed to prove beyond a reasonable doubt any one of the elements, you should then find the defendant not guilty of this count."

The following facts are relevant to our resolution of the defendant's claim. The court held the charging conference on the record. After the parties reviewed the court's proposed instructions, the prosecutor stated: "[T]he disorderly conduct, Your Honor, you do elaborate on a section [of] the first element. But it does seem that the instructions include my elaboration of

The court also instructed the jury on what it characterized as the "lesser included offense" of disorderly conduct by reckless behavior: "There is a lesser included offense you must consider if, and only if, you reach a verdict of not guilty as to the charged offense in count two. Should you find the defendant not guilty [of] the charged offense in count two, but you find that he nevertheless engaged in offensive and disorderly conduct that annoyed or interfered with another person, then there is a lesser included offense that you must consider under count two. On the other hand, if you find that he did not engage in an offensive and disorderly conduct that annoyed or interfered with another person, then you should not consider the lesser included offense under count two.

"The lesser included offense to count two is disorderly conduct by recklessness. The elements of disorderly conduct by recklessness are that on or about March 21, 2001, in the city of Hartford, Connecticut, the defendant, Richard Musumano, recklessly created a risk of creating inconvenience, annoyance or alarm. And that by engaging in an offensive and disorderly conduct, the defendant annoyed or interfered with another person . . . .

"Now, the lesser included offense of disorderly conduct by recklessness differs from disorderly conduct intentional in that it does not require the defendant to have the intent to cause inconvenience, annoyance and alarm, but rather to have acted in such a way as to recklessly create a risk of causing inconvenience, annoyance or alarm.

"A person acts recklessly with respect to a result to a circumstance described by statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be [of] such [a] nature and degree that disregarding it constitutes a gross deviation from the standard of conduct that a reasonable person in the same situation as the defendant is, the doing of something that a reasonably prudent person would do under the circumstances or omitting to do what a reasonably prudent person would not do under the circumstances.

"A gross deviation is a great or substantial deviation, not just a slight or moderate deviation. There must be a great or substantial difference between, on the one hand, the defendant's conduct or disregarding a substantial and unjustifiable risk, and, on the other hand, what a reasonable person would have done under the circumstances. Whether or not a risk is substantial and unjustifiable is a question of fact for you to determine under all of the circumstances."

the second element." The court replied: "No, it doesn't. That is pretty much a stock instruction." The state then brought to the court's attention *State* v. *Indrisano*, supra, 228 Conn. 819. The defendant did not comment on the proposed instructions or object to them in any way.

On appeal, the defendant claims that the court failed to provide the necessary judicial gloss to § 53a-182 (a) (2), as required by our Supreme Court in *State* v. *Indrisano*, supra, 228 Conn. 795. The defendant did not raise his claim at trial and now seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). He neither submitted a request to charge outlining the elements of the offense, nor excepted to the court's charge.[4] Because the record is adequate for our review and the defendant's claim is of constitutional magnitude alleging the violation of a fundamental right, we will review his claim. See *State* v. *Wolff*, 237 Conn. 633, 668–69, 678 A.2d 1369 (1996). "It is . . . constitutionally axiomatic that the jury be instructed on the essential elements of a crime charged. . . . The due process clause of the fourteenth amendment [to the United States constitution] protects an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." (Citation omitted; internal quotation marks omitted.) Id., 669.

In *Indrisano*, our Supreme Court held that § 53a-182 (a) (2) was impermissibly vague on its face, but applied an interpretive gloss to preserve its constitutionality. *State* v. *Indrisano*, supra, 228 Conn. 801. Section 53a-182 (a) provides in relevant part that "[a] person is

---

[4] Under Practice Book § 42-16, we are not bound to consider any error in the charge. Because this case, however, concerns the failure to charge on the elements of the offense, we consider the defendant's claim. We suggest, in the future, that trial courts require requests to charge as to the elements of any offense to avoid the need for a new trial.

guilty of disorderly conduct when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person . . . (2) *by offensive or disorderly conduct, annoys or interferes with another person* . . . ." (Emphasis added.)

The *Indrisano* court noted that subdivision (2) of § 53a-182 (a) has two components, "by offensive or disorderly conduct" and "annoys or interferes with another person." (Internal quotation marks omitted.) Id., 817. In addressing the first component, "by offensive or disorderly conduct," the Supreme Court interpreted the phrase to mean "conduct that is grossly offensive, under contemporary community standards, to a person who actually overhears it or sees it." Id., 818. In addressing the second component, "annoys or interferes with another person," the *Indrisano* court interpreted the phrase to mean "disturbs or impedes the lawful activity of another person." (Internal quotation marks omitted.) Id., 819. Finding that § 53a-182 (a) (2) was unconstitutionally vague in the absence of that judicial gloss, our Supreme Court in *Indrisano* vacated the defendant's conviction. Id., 820. To uphold the constitutionality of § 53a-182 (a) (2), the court also required that a judicial gloss apply to the statutory language, "by offensive or disorderly conduct, annoys or interferes with another person . . . ." (Internal quotation marks omitted.) Id., 819.

In this case, while the court's charge to the jury included the required judicial gloss to the phrase "annoys or interferes with another person," it failed to include the necessary judicial gloss to the phrase "by offensive and disorderly conduct." The court did not charge that the phrase "by offensive and disorderly conduct" refers to "conduct that is grossly offensive, under contemporary community standards, to a person who actually overhears it or sees it."

We also conclude that the state is unable to demonstrate the harmlessness of the court's failure to provide the necessary judicial gloss when it charged the jury. Section 53a-182 (a) (2) is unconstitutionally vague on its face without the judicial gloss, and it cannot be said, beyond a reasonable doubt, that the court's omission of the *Indrisano* gloss did not contribute to the verdict. Without the required judicial gloss in the jury instruction, we are unable to determine whether the jury found beyond a reasonable doubt that the defendant's conduct was "conduct that is grossly offensive, under contemporary community standards, to a person who actually overhears it or sees it." Id., 818.

The judgment is reversed and the case is remanded for a new trial on the disorderly conduct charge.